```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

DAVID FIGUEROA and LAZARA SOSA,

      Plaintiffs,

v.                                    Case No. 8:17-cv-2637-T-33TGW

BANK OF AMERICA, N.A.,

      Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 29), filed on March 28, 2018. Plaintiffs David Figueroa and Lazara Sosa filed their response in opposition on April 12, 2018. (Doc. # 31). The Amended Complaint, (Doc. # 22), represents Plaintiffs' fourth attempt at pleading in this case. For the reasons below, the Court grants Bank of America's Motion to Dismiss in part and denies in part. Finding that leave to amend at this juncture would be futile, Plaintiffs may not file a second amended complaint.

**I.   Background**

On June 27, 2017, over 70 plaintiffs sued Bank of America in one action in the Middle District of Florida. <u>Torres, et al. v. Bank of America, N.A.</u>, No. 8:17-cv-1534, (M. D. Fla. June 27, 2017), Doc. # 1. Plaintiffs David Figueroa and Lazara Sosa were

two of the many plaintiffs in the original lawsuit. Plaintiffs alleged Bank of America (BOA) committed common law fraud in its administration of the Home Affordable Modification Program. HAMP was implemented by the Federal Government in March of 2009, to help homeowners facing foreclosure. (Doc. # 22 at ¶ 9). BOA entered into a Servicer Participation Agreement with the Federal Government in which BOA was required to use reasonable efforts to effectuate any modification of a mortgage loan under HAMP. (Id. at ¶ 10). The Federal Government, in exchange for BOA's participation in HAMP, agreed to compensate BOA for part of the loss attributable to each modification. (Id. at ¶ 11). Plaintiffs' claims were all based on their attempts to secure a loan modification with BOA under HAMP.

In the original lawsuit, BOA filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), (Torres Doc. # 12), and Plaintiffs amended their complaint. (Torres Doc. # 16). Following BOA's second Motion to Dismiss, (Torres Doc. # 17), the presiding judge severed the claims and required Plaintiffs to sue separately. (Torres Doc. # 19). Plaintiffs David Figueroa and Lazara Sosa filed a separate complaint on November 3, 2017. (Doc. # 1). Three months later, on March 7, 2018, Plaintiffs filed an Amended Complaint. (Doc. # 22). Thus, the operative complaint in this matter is Plaintiffs' fourth attempt to properly plead their cause of action.

The Amended Complaint alleges BOA committed four fraudulent acts: (1) falsely telling Plaintiffs that "they have to be in default to qualify for a HAMP loan modification" and failing to tell Plaintiffs that they could qualify for HAMP if default was reasonably foreseeable ("HAMP Eligibility Claim"); (2) falsely telling Plaintiffs the requested supporting financial documents Plaintiffs had submitted to BOA were incomplete ("Supporting Documents Claim"); (3) falsely telling Plaintiffs that they were approved for a HAMP modification and needed to start making trial payments ("HAMP Approval Claim"); and (4) fraudulently omitting how inspection fees charged to Plaintiffs' account would be applied ("Inspection Fee Claim"). (Doc. # 22 at ¶¶ 38, 41, 48, 55).

In its Motion to Dismiss, BOA argues that Plaintiffs' fraud claims are barred by the statute of limitations and banking statute of frauds. (Doc. # 29 at 6, 11). BOA also contends that Plaintiffs' Amended Complaint violates Rule 9(b) by failing to allege circumstances constituting fraud with sufficient particularity. (Id. at 14). These arguments are addressed in turn.

## II. Legal Standard

On a Rule 12(b)(6) motion to dismiss, this Court accepts as true all the allegations in the Complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the

allegations in the Complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Generally, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002). "There is an exception, however, to this general rule. In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."

SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).

**III. Analysis**

   A. **Statute of Limitations**

Under Florida law, there is a four-year statute of limitations for any "legal or equitable action founded on fraud." Fla. Stat. § 95.11(3)(j). The time period to sue begins running when the plaintiff discovers, or should have discovered with due diligence, the facts giving rise to the fraud. Fla. Stat. § 95.031(2)(a). In its Motion to Dismiss, BOA argues that all of Plaintiffs' claims are barred by the statute of limitations. The Court disagrees; only Plaintiffs' Inspection Fee Claim may be barred.

Arguing that Plaintiffs should have discovered the basis for their fraud claim "when the relevant statements were made," BOA submits that each of Plaintiffs' claims should be barred. (Doc. # 29 at 6). BOA points to a document it calls the Supplemental Directive posted on the Treasury Department's website and posits that the posted guidelines for HAMP eligibility gave Plaintiffs an opportunity to discover with due diligence any facts giving rise to fraud. (Doc. # 29 at 7-8).

But, the Court is not convinced that the Supplemental Directive should be taken into account in determining whether the statute of limitations has barred Plaintiffs' claims. "A document attached to a motion to dismiss may be considered by the court

5

. . . only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). The Supplemental Directive is not attached either to the Amended Complaint, nor the Motion. Furthermore, the Supplemental Directive is not central to Plaintiffs' fraud claims. Plaintiffs' claims are based on the alleged false statements and omissions made by BOA to Plaintiffs through the HAMP process. While the Supplemental Directive may be central to BOA's statute of limitations defense, it is not central to Plaintiffs' claims.

Even if the Supplemental Directive were to be considered alongside the Amended Complaint, it is not clear that, with due diligence, Plaintiffs should have discovered the basis of their fraud allegations. BOA argues that Plaintiffs should have consulted this document to understand the guidelines of HAMP and thus discover any misrepresentations. (Doc. # 29 at 7). But the Supplemental Directive is a 38-page document filled with complicated financial and legal requirements. This document, which is intended to be used by banking professionals, does not establish a reasonable expectation that Plaintiffs should have discovered the basis of their fraud allegations earlier. See Order Granting in Part and Denying in Part Motion to Dismiss, Carmenates, et al. v. Bank of America, N.A., No. 8:17-cv-2635-T-23JSS, (M.D. Fla. Feb. 1, 2018), Doc. # 12.

6

BOA has not met its burden of showing that Plaintiffs knew, or should have known, that the statements relating to the HAMP Eligibility, HAMP Approval or Supporting Documents claims were false. A statute of limitations defense is an affirmative defense and BOA bears the burden of proof. La Grasta v. First Union Securities, Inc., 358 F.3d 840, 845 (11th Cir. 2004). BOA has not shown that Plaintiffs knew, or should have known, that the statements were false regarding HAMP's eligibility requirements or their HAMP approval. Additionally, BOA has failed to establish that Plaintiffs knew, or should have known, that the financial documents they submitted to BOA were not actually missing. Thus, the statute of limitations has not run with respect to the HAMP Eligibility, HAMP Approval or Supporting Documents claims.

Finally, with respect to the Inspection Fee Claim, the statute of limitations began to run when Plaintiffs' account was charged. There is no reason that a diligent mortgagor would not and could not check his or her bank account and notice the fees. (Carmenates Order at 6). Plaintiffs claim the inspection fees were last charged in 2013. (Doc. # 22 at ¶ 55). However, Plaintiffs do not allege a specific date in 2013 on which the fees were charged, precluding determination of the statute of limitations. Even if the statute of limitations does not bar the claim, Plaintiffs' Inspection Fee Claim is nonetheless dismissed, as it violates Rule 9(b).

7

**B. Banking Statute of Frauds**

Florida's Banking Statute of Frauds requires credit agreements to be signed and in writing. Fla. Stat. § 687.0304. A credit agreement is "an agreement to lend or forbear repayment of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation." Fla. Stat. § 687.0304(1)(a). As recognized by the Court in <u>Bloch v. Wells Fargo Home Mortg.</u>, to the extent verbal conversations add "to the purported 'promise', such addition is barred by . . . 'Florida's Banking Statute of Frauds.'" 755 F.3d 886, 889 (11th Cir. 2014).

The banking statute of frauds is applicable to fraud claims where the borrower has alleged that the lender orally agreed to make financial accommodations to the borrower. <u>Coral Reef Drive Land Dev., LLC v. Duke Realty Ltd. P'ship</u>, 45 So.3d 897, 902-03 (Fla. 3d DCA 2010). Only Plaintiffs' HAMP Approval Claim involves an oral statement regarding a credit agreement under the banking statute of frauds. Because Plaintiffs' other claims do not involve a credit agreement as defined by the statute, they are not barred. Therefore, Plaintiffs' HAMP Approval Claim is dismissed with prejudice.

**C. Rule 9(b)**

Rule 9(b) requires a plaintiff alleging fraud to "state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b). In Florida, to state a claim for

8

fraud, a "plaintiff must allege: (1) the defendant made a false representation of material fact, (2) the defendant knew that the representation was false, (3) the defendant made the representation for the purpose of inducing the plaintiff to act in reliance thereon, and (4) the plaintiff's injury was caused by justifiable reliance on representation." Berkey v. Pratt, 390 Fed. Appx. 904, 909 (11th Cir. 2010).

Furthermore, Rule 9(b) requires that "a complaint identify (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendants gain[] by the alleged fraud." W. Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 Fed. Appx. 81, 86 (11th Cir. 2008) (citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007)).

**1. HAMP Eligibility Claim**

In their attempt to obtain a loan modification, Plaintiffs allege BOA falsely informed them that "they have to be in default." (Doc. # 22 at ¶ 38). However, in order to qualify for a HAMP loan modification, a mortgagor need not be in default, as default need only be reasonably foreseeable. (Id.). In their Complaint, Plaintiffs provide the name of the BOA representative that told them the false statement, as well as the date the statement was

made. (Id.). According to Plaintiffs, the BOA representative made the false statement to induce Plaintiffs' reliance, triggering their purposeful default on their mortgage. (Id. at ¶¶ 38, 40). Their loss of home equity and "money paid as trial payments" to BOA demonstrate damage resulting from the false statements. (Id.). At this juncture, Plaintiffs have stated a claim for HAMP Eligibility that survives the Motion to Dismiss.

### 2. Supporting Documents Claim

When applying for a HAMP loan modification, Plaintiffs sent financial documents to BOA and were then told that the documents were incomplete. (Doc. # 22 at ¶ 42). While the Complaint alleges this statement by BOA was false, (Id. at ¶ 43), Plaintiffs have failed to support the allegation with well-pleaded and specific facts. Plaintiffs state only in a conclusory fashion that the statement was false. But Rule 9(b) requires more than conclusory statements. United States ex rel. Clausen v. Lab Corp. of America, Inc., 290 F.3d 1301, 1313 (11th Cir. 2002). Despite multiple pleading attempts, Plaintiffs have failed to satisfy Rule 9(b) and thus, the Supporting Document Claim is dismissed with prejudice.

### 3. Inspection Fee Claim

In their fourth pleading attempt, Plaintiffs allege that BOA acted fraudulently by omitting information regarding "fraudulent inspection fees." (Doc. # 22 at ¶¶ 56, 57). However, the Complaint does not contain well-pleaded and specific facts to support this

allegation. Several key facts are absent from Plaintiffs' claim, including the date of the omission and the individual responsible. While Plaintiffs state that BOA intended to apply their trial payment funds to inspection fees, Plaintiffs do not allege that this ever actually occurred. Therefore, the Inspection Fee Claim violates Rule 9(b) and is dismissed with prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Bank of America's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 29) is **GRANTED** in part and **DENIED** in part.

(2) Plaintiffs' Supporting Documents Claim is **DISMISSED WITH PREJUDICE.**

(3) Plaintiffs' HAMP Approval Claim is **DISMISSED WITH PREJUDICE.**

(4) Plaintiffs' Inspection Fee Claim is **DISMISSED WITH PREJUDICE.**

(5) Plaintiffs' HAMP Eligibility Claim survives. BOA is directed to file an answer to the surviving claim within 14 days.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of May, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE